UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMES WILSON,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:18-cv-2427 KJN P<br><br><br><br>ORDER |

Plaintiff is a county jail inmate, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93

(2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff alleges his First Amendment right to practice his religion was violated because he was denied 16 religious meals. Plaintiff claims that he notified sheriff's deputies and the chaplain multiple times that plaintiff is Muslim and requested to be added to the Ramadan fasting food list. The chaplain told plaintiff he would be added, but the chaplain never added plaintiff.

In the caption of his complaint, plaintiff names the "County of Sacramento, Scott Jones, Sacramento Sheriff's Department, Rio Cosumnes Correctional Center, et al." (ECF No. 1 at 1.) In the defendants' section of the complaint, plaintiff names as defendants Scott Jones Sacramento County Sheriff Department, Rio Cosumnes Correctional Center, et al." (ECF No. 1 at 2.) Plaintiff is advised that his complaint must include all of the named defendants in both the caption of the complaint as well as in the defendants' section of the complaint. Fed. R. Civ. P. 10(a). The names must also match. In addition to not clearly naming the defendants, plaintiff fails to include any charging allegations as to any of the defendants he named. Plaintiff must link or connect each named defendant to the alleged deprivation of plaintiff's constitutional rights. Here, it appears that it was the chaplain who failed to add plaintiff to the food list, yet plaintiff did not name the chaplain as a defendant. Plaintiff identifies no other individual responsible for the deprivation of plaintiff's religious diet.

Moreover, a municipal entity or its departments is liable under section 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle, 429 U.S. 274, 280 (1977); Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 964 (9th Cir. 2008). Here, plaintiff fails to state a claim against the Sheriff, the County, or the County Correctional Center because he has not sufficiently alleged that he was injured as a result of employees acting pursuant to any policy or

custom of the County. Local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. See Board of Cty. Comm'rs. v. Brown, 520 U.S. 397, 403 (1997).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). He must identify the particular person or persons who violated his rights. He must also plead facts showing how that particular person was involved in the alleged violation.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez

4

v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: September 7, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wils2427.14n

|  |  |
|---|---|
| MICHAEL JAMES WILSON,<br><br>            Plaintiff,<br><br>    v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>            Defendants. | No. 2:18-cv-2427 KJN P<br><br><u>NOTICE OF AMENDMENT</u> |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

      Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____       Amended Complaint
DATED:

                                       _____
                                       Plaintiff