UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMES WILSON, | No. 2:18-cv-2427 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff is a former county jail inmate, proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. On August 8, 2019, plaintiff was ordered to show cause why he has not fulfilled his settlement obligations or demonstrate that he has signed and mailed the appropriate dispositional papers to defense counsel. On September 4, 2019, defense counsel filed a notice of plaintiff's failure to comply, stating that plaintiff demands that the word "future" be removed from the settlement agreement, and that the settlement funds be applied first to his court filing fees. Defendants state, "Notably at the settlement conference plaintiff agreed to dismiss all current lawsuit and future claims, known or unknown, stemming from his prior incarcerations within jail facilities operated by the County of Sacramento in exchange for the payment of $1,000.00, which would go toward his restitution obligations." (ECF No. 29 at 2.)

Plaintiff has not responded to the order to show cause.

1

In light of plaintiff's failure to respond, the undersigned is inclined to enforce the settlement reached by the parties on June 4, 2019, with the clarification that the settlement governs all of plaintiff's past, present or future claims that <u>stem from his prior incarcerations</u> within jail facilities operated by the County of Sacramento. The proposed settlement agreement may be inartfully drafted, but the agreement does not appear to include such limiting language, and could be interpreted to include claims arising from any future incarceration in a Sacramento County facility. The court presumes that is not what defendants intended.

Plaintiff signed and returned the stipulation for voluntary dismissal with prejudice to defense counsel (ECF No. 29-1 at 10), so it is unclear whether plaintiff might sign a revised settlement agreement that makes clear the above limitation, and agree to enter the voluntary dismissal.

As for plaintiff's request that the settlement funds be first applied to his court filing fee, at the settlement conference, plaintiff agreed that the settlement funds would first be applied to plaintiff's restitution obligations. In any event, California law requires defendants to apply settlement funds to restitution obligations. Cal. Penal Code § 2085.5(n). Moreover, defendants have already credited plaintiff's restitution account in the agreed upon sum of $1,000.00. (ECF No. 26-1 at 17-19.)

Therefore, the parties are granted fourteen days in which to respond to this order. Plaintiff is cautioned that if he fails to respond, the undersigned will enforce the settlement of this action with the above clarification, and this action will be dismissed with prejudice. Fed. R. Civ. P. 41(a).

In accordance with the above, IT IS HEREBY ORDERED that within fourteen days from the date of this order, both parties shall respond in writing to this order.

Dated: November 18, 2019

/cw/wils2427.fb

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE